UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**DARRYL HARROD, JR.,**             )
                                    )
    **Plaintiff,**          )
                                    )
    v.                      )    Civil Action No. 13-774 (RMC)
                                    )
**U.S. PAROLE COMMISSION,**         )
                                    )
    **Defendant.**          )
_____ )

**MEMORANUM OPINION**

On April 24, 2013, Mr. Harrod, proceeding *pro se*, filed a Complaint in D.C. Superior Court, alleging that the U.S. Parole Commission held him without cause for forty days after failing to credit his time served. *See* Notice of Removal [Dkt. 1], Complaint [Dkt. 1-1]. The Government filed a motion to dismiss on June 28, 2013, which argued that Mr. Harrod failed to exhaust administrative remedies, the U.S. Parole Commission was immune from common law tort suits, and Mr. Harrod failed to properly serve the United States. *See* Mot. to Dismiss [Dkt. 4]. Over a five month period, Mr. Harrod filed a motion to quash, Dkt. 6, a motion for a bench hearing, Dkt. 9, and a motion for a trial date, Dkt. 11. On January 13, 2014, the Court issued an Order to Show Cause to Mr. Harrod as to why his Complaint should not be dismissed for lack of subject matter jurisdiction. *See* Order to Show Cause [Dkt. 13]. In response, Mr. Harrod wrote that this Court is the "proper venue for the federal [t]ort [c]laim," and that he was "denied a duty owed by defendants." Response to Show Cause [Dkt. 15] at 1. Because Mr. Harrod failed to exhaust his administrative remedies before filing the instant case, his Complaint will be dismissed for lack of subject matter jurisdiction.

Before filing a lawsuit under the Federal Tort Claims Act (FTCA), a plaintiff must first present his or her claims to the appropriate government agency. 28 U.S.C. § 2675(a). In other words, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (treating exhaustion requirement as jurisdictional). The district court lacks subject matter jurisdiction over any FTCA suit filed prematurely, that is, at any time before the appropriate federal agency either denies a claim "in writing and sent by certified or registered mail," 28 U.S.C. § 2675(a), or fails "to make final disposition of a claim within six months after it is filed," *id*. "[A]s a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)); *see also Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009) (concluding that the Court "lack[ed] subject matter jurisdiction over Plaintiff's FTCA claims, which were filed before the exhaustion requirement under section 2675(a) was satisfied, and that this jurisdictional defect cannot be cured by the filing of an amended complaint").

Mr. Harrod's Complaint is construed as one bringing a common law tort claim against the United States Parole Commission. As such, the FTCA is his sole avenue for recovery. Mr. Harrod filed this lawsuit on April 24, 2013, and he filed an administrative claim with the Bureau of Prisons on December 4, 2013. *See* Response to Show Cause, Ex. 1 [Dkt. 15] at 4. However, Mr. Harrod did not present his claim to the appropriate government agency prior to filing this action as the FTCA requires. *See* 28 U.S.C. § 2675(a). Thus, his failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction over his claim. *See*

*McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Mr. Harrod filed this suit prematurely, and the jurisdictional defect was not cured by filing an administrative claim during the pendency of the lawsuit.

This case is dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Accordingly, the Court will grant Defendant's motion to dismiss, Dkt. 4, deny Plaintiff's motions, Dkts. 6, 9 & 11, as moot, and dismiss this civil action.[1] A memorializing Order accompanies this Memorandum Opinion.

Date: February 18, 2014

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] Defendant's motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) is denied. Because Plaintiff is proceeding *pro se* and *in forma pauperis*, he may rely on the Clerk of Court and the United States Marshals Service to effect service of process on his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). He will not be penalized for any errors or failure to effect proper service. *See Hardy v. Joseph I. Sussman, P.C.*, 953 F. Supp. 2d 102, 107–08 (D.D.C. 2013); *Rowe v. District of Columbia*, 892 F. Supp. 2d 174, 180 (D.D.C. 2012).